FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARIEL H.,[1] <br><br>                Plaintiff, <br><br>   v. <br><br> FRANK BISIGNANO <br> COMMISSIONER OF SOCIAL <br> SECURITY,[2] <br><br>              Defendant. | NO:  4:24-CV-05154-RLP <br><br> ORDER AFFIRMING THE <br> COMMISSIONER'S DECISION |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 12. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ did not commit harmful legal error in

---

[1] Plaintiff's first name and last initial are used to protect his privacy.

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Rules of Civil Procedure, Frank Bisignano is substituted for Michelle King as the Defendant in this suit.

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 1

evaluating the lay witness testimony, Mr. H.'s symptom testimony, or the medical evidence. Therefore, Mr. H.'s brief, ECF No. 12, is denied and the Commissioner's brief, ECF No. 14, is granted.

## BACKGROUND

Mr. H. was 33 years old on the alleged onset date of January 1, 2020. Tr. 95. Mr. H. was able to graduate from high school with a GED. Tr. 63; 766. Mr. H. has previously been employed as a stock clerk, a clothing sorter, a janitor, a cart attendant, and a package truck driver's helper. Tr. 63, 360, 516, 560, 706.

Mr. H. filed this claim for disability insurance benefits and supplemental security income in December 2020. Tr. 263-84. The claim was denied initially and upon reconsideration. Tr. 95-134, 135-80. Mr. H. and his mother testified at a hearing in September 2023 concerning Mr. H.'s work history and his ability to perform household chores. Tr. 58-90. On December 19, 2023, the ALJ issued an unfavorable decision, Tr. 15-29, and the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 2

rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 3

(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view

of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Mr. H. has not engaged in substantial gainful activity since January 1, 2020, the alleged onset date. Tr. 18. At step two, the ALJ found that Mr. H. has the following severe impairment: borderline intellectual functioning. *Id.*

At step three, the ALJ found that Mr. H. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 19. With respect to the RFC, the ALJ found Mr. H. has the capacity to perform a full range of work at all exertional levels with the following nonexertional limitations: the claimant can only perform simple, routine, and repetitive tasks. Tr. 22.

At step four, the ALJ found Mr. H. is capable of performing past relevant work as a bagger. Tr. 28. Based on these adverse findings, the ALJ determined that

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 5

Mr. H. has not been under a disability, as defined in the Social Security Act, from January 1, 2020, through the date of the decision. Tr. 29.

## ANALYSIS

Mr. H.'s assignments of error largely pertain to the ALJ's assessment of testimony and medial opinions. He also claims the ALJ erred in its assessment of the listings. While the Court agrees with some of Mr. H.'s assignments of error, the Court ultimately concludes the ALJ did not commit reversible error and that the ALJ's findings are supported by substantial evidence. Each claim of error is addressed in turn.

## A.    Lay Witness Testimony

Mr. H. contends the ALJ improperly rejected Mr. H.'s mother's testimony without providing germane reasons to discount it.

For claims filed on or after March 27, 2017, 20 C.F.R. §§ 404.1520c and 416.9520c indicate that an ALJ must evaluate evidence from medical sources and clarifies how an ALJ should evaluate nonmedical lay testimony. See 20 C.F.R. § 416.920c(d). The regulations indicate ALJs should consider "all of the available evidence" in evaluating the intensity and persistence of symptoms, including evidence from "medical sources and nonmedical sources" about the effect of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); see also SSR 16-3p (requiring ALJs to consider other evidence such as other nonmedical sources to evaluate symptoms). However, an ALJ is not required to articulate how evidence

from nonmedical sources was considered using the requirements applicable to evaluations of medical opinions. See 20 C.F.R. §§ 404.1520c(d), 416.920c(d).

Prior to 2017, in the Ninth Circuit the rule was that "[i]f the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). However, in light of the new regulations promulgated in 2017, the Ninth Circuit retreated from this requirement in *Hudnall v. Dudek*, 130 F.4th 668, 669 (9th Cir.), although this opinion has since been withdrawn and vacated. 133 F.4th 968 (9th Cir. 2025); *see also Whisper C. v. Dudek*, 2025 WL 833215, at *6 (E.D. Wash. Mar. 17, 2025) ("the germane reasons precedent no longer applies to claims filed on or after March 27, 2017"). Whether or not an ALJ must provide germane reasons to reject a lay witness's testimony thus remains an open question. *See Donnelly, v. Commissioner of Social Security*, 2025 WL 1473954, at *14 (E.D. Cal. May 22, 2025).

Regardless of whether the germane reasons precedent still stands, the ALJ did not reject Mr. H.'s mother's testimony. Mr. H.'s mother provided somewhat confusing testimony that Mr. H. needed reminders, check-ins, and positive reinforcement to do chores, but also that even absent supervision, he would not leave a chore before it was done or forget to finish it. Tr. 76-81. The ALJ interpreted this testimony to mean that Mr. H. did not require supervision to complete tasks. Tr. 24. This interpretation is not unreasonable and consistent with the statements from Mr. H. and his father that Mr. H. was able to perform chores without assistance. Tr. 688,

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 7

697, 765-67. As the ALJ did not reject Mr. H.'s mother's testimony, there was no need to provide germane reasons to do so. The ALJ did not err as substantial evidence supports her findings.

## B.  Symptom Testimony

Mr. H. contends the ALJ improperly discounted his testimony showing he was unable to work.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.' " *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include the claimant's daily activities and the

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 8

location, duration, frequency, and intensity symptoms. SSR 16-3p, 2016 WL 1119029, at *7-*8; 20 C.F.R. § 416.929(c)(3). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. The consistency of a claimant's statements with the rest of the record are another factor to be considered. 20 C.F.R. § 416.929(c)(4).

At the first step, the ALJ found there was objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms Mr. H. alleged. Tr. 24. However, on the second step the ALJ found Mr. H.'s statements about the intensity, persistence, and limiting effects of his symptoms to be inconsistent with the record. *Id*.

Contrary to Mr. H.'s contentions on appeal, the ALJ credited most of Mr. H.'s testimony and reports. Tr. 23-25. Mr. H. repeatedly indicated he was able to care for himself, follow instructions, fill out job applications, volunteer, do chores, find, shop for, and prepare recipes, use public transportation, manage money, and build Lego kits. Tr. 65-71, 695-701, 765-67. It is not an error for an ALJ to consider the testimony and statements of a claimant and reasonably interpret them to mean he is not disabled. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

The only statements of Mr. H.'s that the ALJ appears to have rejected were from a function report provided to Dr. Marks in 2017, wherein Mr. H. stated he could not do chores, go shopping, or manage his finances. Tr. 765-67. The ALJ

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 9

provided specific, clear, and convincing reasons for rejecting these statements. Tr. 25. Specifically, the ALJ noted Mr. H.'s reports of limitations in 2017 were contradicted by statements made by Mr. H. and his father in 2021 function reports, Tr. 686-705, as well as being inconsistent with contemporaneous notes in his vocational records which indicated was successfully able to work. Tr. 320, 360-61, 442-51. Inconsistency with the record as a whole is a sufficient basis to reject a claimant's statements. 20 C.F.R. § 416.929(c)(4); Social Security Ruling 16-3p, 2017 WL 5180304, at *5 (effective October 25, 2017). Therefore, the ALJ did not err by rejecting Mr. H.'s statements in the 2017 function report.

As with his mother's testimony, Mr. H. emphasizes parts of his testimony which he believes indicates he is disabled. Specifically, Mr. H. points to his testimony on his termination from his job as a cart attendant for being off-task, and his inability to obtain a driver's license. Tr. 65-71. The ALJ explicitly considered this testimony in her decision but found it did not demonstrate Mr. H. was disabled. Tr. 24. The ALJ's interpretation of Mr. H.'s testimony was not a rejection, and it was reasonable in light of the evidence from Mr. H., his parents, his IQ testing, and his vocational records which showed he had acceptable concentration, persistence, and pace. *Id.*

Finally, Mr. H. contends the ALJ should have rejected his testimony entirely because he is cognitively impaired. Mr. H. did not raise the matter of his competency to testify before the ALJ. There is no law or regulation requiring an ALJ

to reject a claimant's testimony simply because he has a cognitive impairment. To do so would prevent claimants suffering from an intellectual disability from testifying as to their symptoms. Mr. H.'s cognitive impairment does not itself constitute clear and convincing evidence which would allow the ALJ to reject his testimony on his symptoms, much less a reason requiring her to do so.

For the above reasons, the ALJ's treatment of Mr. H.'s symptom testimony was not an error.

## C.    Medical Opinions

Mr. H. contends the ALJ failed to properly evaluate the opinions of Drs. Marks, Mohney, and Atkins. The regulations provide that an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c, 416.920c. Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *see* 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

### *1. N.K. Marks, Ph.D.*

In September 2017, Dr. Marks completed a psychodiagnostics evaluation of Mr. H. and diagnosed borderline intellectual functioning. Tr. 765-72. Dr. Marks

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 11

found Mr. H. would have trouble retaining what he hears, solving new problems, and with following new directions. Tr. 771. Dr. Marks also found Mr. H. was capable of remembering and carrying out simple and moderately complex instructions, and was able to solve problems in familiar situations, but could not think on his feet well and presented a higher risk of something unforeseen went wrong. *Id.* Dr. Marks concluded that Mr. H. "will need considerable supervision and training, much more than other peers." Tr. 772.

The ALJ found Dr. Marks's opinion that Mr. H. would have trouble retaining what he heard, solving new problems, and following directions unsupported and internally inconsistent, because Mr. H. satisfactorily completed memory tests and followed simple and more complex tasks at his examination. Tr. 27. While the ALJ is correct that Dr. Marks failed to cite specific evidence in support of his opinions, Mr. H. points out that Dr. Marks made findings in his report that support his ultimate opinion. Specifically, Dr. Marks found Mr. H.'s poor fluid reasoning IQ subtest score indicated he would have trouble problem-solving. Tr. 769. While Mr. H. performed relatively well on his verbal IQ and working memory subtests, Dr. Marks found he still performed "at a level well below his peers," indicating difficulty retaining information or following directions. Tr. 770. Dr. Marks also found Mr. H. demonstrated simplistic language, an inability to give an organized personal memory, poor working memory, poor-long term memory, deficits in math, and concrete literal reasoning with deficits in abstract reasoning. Tr. 767-68.

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 12

1       Overall, Mr. H.'s performance varied during Dr. Marks's exam, something

2 Dr. Marks noted. Tr. 770. As the ALJ found, Mr. H.'s relatively good performance

3 in some areas suggested he did not have trouble retaining what he heard, following

4 directions, or solving problems. But as Mr. H. points out, Dr. Marks's opinion is

5 supported by his performance in other areas.

6       Ultimately, Dr. Marks's opinion is not unsupported or internally inconsistent

7 simply because some of Mr. H.'s raw examination results suggested higher

8 functioning. By focusing only on the parts of Mr. H.'s performance which did not

9 support Dr. Marks's medical opinion, the ALJ appears to have improperly

10 substituted her own interpretation of the data in place of Dr. Marks. *See Tackett*, 180

11 F.3d at 1102-03. The ALJ's finding that Dr. Marks's opinion was unsupported and

12 internally inconsistent lacks substantial evidence, and therefore was an error.

13       The ALJ also found Dr. Marks's opinion that Mr. H. should be monitored due

14 to problems thinking on his feet was unsupported ("vague") as Mr. H. was oriented,

15 knew what his appointment was about, could describe a recent news story, had a fair

16 fund of knowledge, and showed good concentration, persistence, and pace at his

17 examination. Tr. 27 Again, the ALJ appears to have substituted her own judgment

18 on Mr. H.'s variable examination performance for that of Dr. Marks. Dr. Marks's

19 opinion was supported by his findings that Mr. H.'s fluid reasoning IQ subtest score

20 indicated "[h]e may learn to do things in one way, but he may not be able to figure

21 out how to do things in a different way. He may have trouble problem solving 'on

the fly.'" Tr. 769. Mr. H. also displayed slow processing and poor abstract reasoning. Tr. 767-68. While other examination results did not support his opinion, it cannot be said Dr. Marks's opinion was unsupported. For that reason, the ALJ's finding lacked substantial evidence, and was an error.

While the ALJ erroneously analyzed Dr. Marks's opinions, these errors are ultimately harmless. The ALJ properly found Dr. Marks's final conclusion—that Mr. H. required considerable supervision and training—inconsistent with the record. In light of this significant inconsistency, it was not an error for the ALJ to find Dr. Marks's opinion unpersuasive as a whole.

In support of her finding of inconsistency with the record as a whole, the ALJ cited Mr. H.'s vocational records contemporary with Dr. Marks's evaluation, which showed Mr. H. did better with a single, male supervisor and his interaction, stamina, and speed improved to acceptable levels. The vocational records also showed Mr. H. moved slower at first but with increasing stamina with work and not having low stamina while working. Tr. 320, 361, 371, 444. The ALJ also cited Mr. H.'s mother's testimony that Mr. H. completed household tasks with reminders to start them but not ongoing supervision during tasks, and Mr. H.'s own report that he could complete all household chores. Tr. 77-78, 697-98. All of this constitutes substantial evidence in support of the ALJ's finding of inconsistency.

Mr. H. contends the ALJ's discussion of interaction, stamina, and speed is irrelevant. See Tr. 26. The Court disagrees. Mr. H.'s interaction, stamina, and speed

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 14

implicate his ability to understand training and complete work independently. Mr. H. also incorrectly claims he required a single male supervisor and accommodations. Neither Dr. Marks nor the ALJ found such limitations.

Mr. H. contends the ALJ erred by finding his previous ability to work inconsistent with Dr. Marks's opinion, as he was ultimately terminated from his job as a cart attendant due to his inability to stay on task. Mr. H. cites *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995), and *Lingenfelter v. Astrue*, 504 F.3d 1028 (9th Cir. 2007), in support of his argument. These cases are inapposite. *Lester* concerned a claimant who did not work but had brief periods where his back pain responded to treatment. 81 F.3d 821, 833. *Lingenfelter* concerned a claimant who returned to work for merely nine weeks before his medical condition caused him to be fired. 504 F.3d 1028, 1038-40 (9th Cir. 2007). Mr. H. on the other hand was able to successfully work as a cart attendant for nine months, and prior to that held jobs as a janitor and as a stock clerk for over a year each. Tr. 376, 516, 560, 706-07. It was not an error for the ALJ to consider Mr. H.'s demonstrated ability to work for sustained periods of time, and to find this inconsistent with Dr. Marks's opinion.

Mr. H. also contends it was an error for the ALJ to find his ability to function at home inconsistent with Dr. Marks's opinion, citing to *Diedrich v. Berryhill*, 874 F.3d 634 (9th Cir. 2017). However, *Diedrich* concerned the higher clear and convincing standard necessary to reject a claimant's account of their symptoms, not the lower substantial evidence standard to find a medical opinion inconsistent with

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 15

1  the record. *Diedrich* is therefore inapplicable and the ALJ did not err by finding Mr.

2  H.'s ability to independently perform tasks of daily living inconsistent with Dr.

3  Marks's opinion that he required considerable supervision and training.

4  Moreover, Mr. H.'s ability to do chores was not the only reason the ALJ

5  found Dr. Marks's opinion inconsistent. Even if it was an error to compare his

6  ability to perform daily activities inside the home with his ability to work, any error

7  was harmless as the ALJ's finding was still supported by other substantial evidence.

8  *2. Carol Mohney, Ph.D. and Howard Atkins, Ph.D.*

9  Dr. Mohney reviewed Mr. H.'s case file in July 2021, finding Mr. H. was not

10  disabled. Tr. 95-134. On reconsideration, Dr. Atkins performed another review in

11  July 2022 and endorsed Dr. Mohney's findings. Tr. 135-80. While the two doctors

12  found Mr. H. was not disabled, they agreed he could remember and carry out only

13  simple, one-to-two step instructions. Tr. 110.

14  The ALJ found the opinions of Drs. Mohney and Atkins partially persuasive.

15  Tr. 27-28. The ALJ implicitly rejected the doctors' finding that Mr. H. could only

16  remember and carry out only simple, one-to-two step instructions by instead finding

17  he could perform simple, repetitive, and routine tasks. Tr. 28. The ALJ appears to

18  have found the doctors' opinion inconsistent with the record as a whole. *Id*.

19  The ALJ cited Mr. H.'s mother's testimony that Mr. H. could complete

20  chores, Tr. 77-78, his Mr. H.'s father's function report which stated Mr. H. could

21  print recipes from the computer and make dinner, Tr. 689, Mr. H.'s testimony that

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 16

he could apply for jobs online, Tr. 70-71, Mr. H.'s function report which stated he could do chores, follow instructions, use public transportation, manage money, build Lego kits, and shop, Tr. 695-701, and Mr. H.'s examination with Dr. Marks where the doctor found Mr. H. showed good concentration, persistence, and pace, and satisfied a short term memory test. Tr. 767. This constitutes substantial evidence in support of the ALJ's finding that Mr. H. could perform more complex tasks than simple, one-to-two step instructions.

Mr. H. contends on appeal that the ALJ erred by rejecting Drs. Mohney and Atkins's limitation to simple, one-to-two step instructions. Mr. H. repeats his arguments that the ALJ misinterpreted his mother's testimony, and that she should have discredited his testimony entirely due to his cognitive impairment. As discussed above, these arguments are unavailing. The ALJ did not err by rejecting Drs. Mohney and Atkins' limitation.

Mr. H. relatedly argues the ALJ erred at step four by failing to provide a complete RFC hypothetical, including Drs. Mohney and Atkins's limitation to simple, one-to-two step instructions, to the vocational expert at the hearing. The ALJ's hypothetical was not an error for the same reasons she did not err by finding Mr. H. could perform simple, repetitive and routine tasks. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1176 (9th Cir. 2008).

**D.    The Listings**

At step three, the ALJ found Mr. H. did not meet the A or B criteria for Listing 12.05 intellectual disorder. Tr. 19-22. The ALJ found Mr. H. did not satisfy the B criteria because he was not diagnosed with a full-scale IQ under 70 prior to age 22, and had only mild or moderate limitations in the four areas of mental functioning required by Listing 12.05. *Id.*

Mr. H. contends the ALJ erred by misstating the B criteria, and by finding Mr. H. only had moderate limitations in two areas of mental functioning outlined therein. Mr. H. contends that when Dr. Marks's findings and test results and the testimony of his mother are properly considered, and Mr. H.'s own testimony disregarded, he is severely limited in these areas.

The B criteria for Listing 12.05 Intellectual Disorder provides:

Satisfied by 1, 2, and 3 (see 12.00H):
4.    Significantly subaverage general intellectual functioning evidenced by a or b:
    a.    A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
    b.    A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
5.    Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
    a.    Understand, remember, or apply information (see 12.00E1); or
    b.    Interact with others (see 12.00E2); or
    c.    Concentrate, persist, or maintain pace (see 12.00E3); or
    d.    Adapt or manage oneself (see 12.00E4); and
6.    The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 18

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05.

As the parties agree, the ALJ erred by stating Mr. H. did not satisfy the B criteria because he was not diagnosed with a full-scale IQ under 70 prior to age 22. This finding appears to combine two separate B criteria requirements – (1) that a claimant be diagnosed with an IQ under 70; and (2) that a claimant have evidence about his current intellectual and adaptive functioning that demonstrates the disorder began before age 22. While Mr. H. may not have been diagnosed with a full-scale IQ under 70 before he was 22, Dr. Marks diagnosed his full-scale IQ at 66 in 2017, when he was 30. Tr. 768. The record also contains evidence that Mr. H.'s condition began before age 22, for example, his mother testified he was enrolled in special education classes in school and had developmental delays growing up. Tr. 74-75.

This error is harmless, however, because the ALJ properly found that Mr. H. had only mild or moderate limitations in the four areas of mental functioning required by Listing 12.05.

Mr. H. contends that the ALJ erred by finding he had only moderate limitations in the areas of understanding, remembering, or applying information, and concentration, persistence, and maintaining pace. Mr. H. contends that Dr. Marks's findings on his IQ test demonstrated he has marked limitations in these areas.

Mr. H.'s argument fails to appreciate the applicable standard of review. This Court must uphold the ALJ's findings if they are supported by substantial evidence. The ALJ found Mr. H. had a moderate limitation in the area of understanding,

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 19

remembering, or applying information because his mother testified he could complete chores, Tr. 77-78, Mr. H. testified he could fill out online job applications, Tr. 70-7, and indicated in his function report that he did all chores, followed instructions well, could use public transportation, could manage money, could build Lego kits, and shopped. Tr. 695-701. The ALJ also considered Dr. Marks's report, specifically Dr. Marks's opinion that Mr. H. had borderline to below average cognitive ability, and Mr. H.'s ability to successfully perform short term memory tests during the examination. Tr. 767. Likewise, the ALJ found Mr. H. had a moderate limitation in the area of concentration, persistence, and maintaining pace, citing the same evidence in support.

The evidence cited by the ALJ in support of her findings constitutes substantial evidence in support of a moderate limitation. The fact Mr. H. can argue for a different conclusion using other evidence in the record is irrelevant. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (ALJ "responsible for resolving ambiguities" in the record). The ALJ's findings were supported by substantial evidence, and the Court will not disturb these findings on appeal.

Mr. H. again argues the ALJ improperly construed his mother's testimony, and improperly considered his own statements in light of his cognitive impairment. As discussed above, the ALJ did not err in her treatment of this evidence.

## CONCLUSION

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 20

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly,

1.  Mr. H.'s Brief, **ECF No. 12**, is **DENIED**.

2.  Defendant's Brief, **ECF No. 14**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** June 6, 2025.

_____
REBECCA L. PENNELL
United States District Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 21